IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Lovett Burkes, #272240, | ) | C/A No.: 1:15-1332-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Christopher Lovett Burkes is an inmate at the Lieber Correctional
Institution of the South Carolina Department of Corrections. He filed this pro se petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court
pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report
and Recommendation on Respondent's motion for summary judgment and return. [ECF
Nos. 25, 26]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court
advised Petitioner of the summary judgment and dismissal procedures and the possible
consequences if he failed to respond adequately to Respondent's motion by September 3,
2015. [ECF No. 27].   Petitioner filed a timely response. [ECF No. 36].   After having
carefully considered the parties' submissions and the record in this case, the undersigned
recommends that Respondent's motion for summary judgment be granted.

I.      Procedural Background

Petitioner was indicted by the Spartanburg County grand jury during the July 2005
term of court for trafficking in crack cocaine (05-GS-42-3166). [ECF No. 26-1 at 249–

50]. Petitioner was represented by Timothy Ray, Esq., in a jury trial November 2–3, 2005, before the Honorable John C. Few, Circuit Court Judge. [ECF No. 26-1 at 3–187]. Judge Few sentenced Petitioner to 25 years' incarceration and a $50,000 fine. *Id.* at 186.

Petitioner filed a timely appeal and was represented by Joseph L. Savitz, III, Chief Attorney with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 26-2]. Attorney Savitz filed a final brief on Petitioner's behalf, raising the following issue: "The trial judge committed reversible error by denying defense counsel's motion to suppress, since the probable cause for the warrant (suspicious activity and a single buy) had grown stale by the time it was obtained five days later and served the following day." [ECF No. 26-3 at 4].

In an unpublished opinion filed December 14, 2007, the South Carolina Court of Appeals affirmed Petitioner's conviction. [ECF No. 26-1 at 189–90]. The remittitur issued on January 2, 2008. *Id.* at 191.

On April 7, 2008, Petitioner filed an application for post-conviction relief ("PCR") (2008-CP-42-2844) in which he alleged four claims of ineffective assistance of counsel. *Id.* at 192–207. A PCR evidentiary hearing was held before the Honorable J. Mark Hayes II, Circuit Court Judge, on May 29, 2009, at which Petitioner and his counsel, Caroline M.W. Horlbeck, Esq., appeared. *Id.* at 212–239. On July 7, 2009, Judge Hayes filed an order of dismissal. *Id.* at 240–48. Petitioner timely filed a notice of appeal from the denial of PCR. [ECF No. 26-5]. On December 1, 2009, Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a petition for writ of certiorari, raising the issue "[w]hether

calling petitioner's case the day before trial resulted in ineffective assistance of counsel[.]" [ECF No. 26-6].

By order issued March 2, 2011, the Supreme Court of South Carolina granted the petition for writ of certiorari and ordered both sides to submit briefs. [ECF No. 26-8]. After briefing [ECF Nos. 26-9, 26-10], the court heard argument on October 6, 2011, and filed a unanimous opinion dismissing certiorari as improvidently granted on January 30, 2013. [ECF No. 26-11]. The remittitur issued on February 15, 2013. [ECF No. 26-12].

Petitioner filed a second PCR application on August 25, 2014, based on newly-discovered evidence. [ECF No. 26-14 at 2]. The Honorable R. Keith Kelly, Circuit Court Judge, signed a conditional order of dismissal on April 30, 2015, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed. [ECF No. 26-16]. On or about May 6, 2015, Petitioner filed a response to the conditional order of dismissal. [ECF No. 26-17]. On September 10, 2015, Judge Kelly, as Chief Administrative Judge for the Seventh Judicial Circuit, issued a final order dismissing Petitioner's second PCR application with prejudice.[1]

Meanwhile, on March 18, 2015, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-1 at 1].[2]

_____

[1] http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx (last visited December 14, 2015). The court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that a court may "properly take judicial notice of matters of public record"). Additionally, Petitioner attached this order of dismissal to his response. [ECF No. 36-1 at 9–11].
[2] The petition was received by the court on March 23, 2015, and docketed on March 24, 2015. However, because Petitioner is incarcerated, he benefits from the "prison mailbox

II.    Discussion

    A.    Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**    The Trial Judge committed reversible error by denying defense counsel's motion to suppress since the probable cause for the warrant (suspicious activity and a single buy) had grown stale by the time it was obtained five days later and served the following day.

    Supporting Facts: At the start of trial, defense counsel moved to suppress the crack cocaine on the grounds that probable cause for the warrant had grown stale.

**Ground Two:**    N/A[3]

    Supporting Facts: N/A

**Ground Three:**    Ineffective Assistane Counsel

    Supporting Facts: A) Trial Counsel failed to objected to solicitors improper closing arguments; B) Trial Counsel failed to request a directed verdict; C) Trial Counsel failed to objected to the relevance of evidence presented; D) Trial counsel failed to require the court to determine the probative value of evidence; and E) Trial counsel failed to object to hearsay testimony during the suppression hearing.

**Ground Four:**    Whether calling petitioner's case the day before trial resulted in ineffective Assitance of Counsel

    Supporting Facts: The conduct described in petitioner's case is of statewide importance, it raises serious concern amongst, Every case in the state of South Carolina, When the State/Prosecutor call cases to trial in the manner as they did in Petitioner's case. Petitioners asserts that and alleges he has been imprisoned in violation of his right to due process because the prosecution/Authorities concealed

---

rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Lieber Correctional mailing system on March 18, 2015. [ECF No. 1-1 at 1].

[3] Petitioner did not include a Ground Two in his petition.

evidence, and more generally, engaged in a pattern of non-disclosure and deception during the prosecution and bringing petitioner's case to trial. Petitioner further alleges that his trial counsel rendered constitutionally ineffective assistance of counsel by failing to investigate the evidence in question, failing to present an alternate theory of the crime at trial. The solicitor's Action seriously impaired the petitioner's right to a fair trial. Calling petitioner's case to trial without notice, and trial counsel not being prepared was a causative factor in petitioner's case, and Petitioner place heavy reliance on its prejudice infect as to make the resulting conviction a denial of due process, and a issue of statewide importance.

ECF No. 16-1 at 5–10 (errors in original). Additionally, Petitioner attaches a document entitled Petition for Writ of Habeas Corpus to his petition, which states "Can the Sate of South Carolina maintain a conviction that resulted from an illegal procedures of due-process?" and "'This case involves a Constitutional issue of Statewide Importance.'" *Id.* at 16–20 (errors in original)]. In an attachment entitled Memorandum of Law, Petitioner lists a number of "Question[s] Presented":

(A.)    Did the trial court commit constitution error, when the evidence adduced at trial was consistent with both innocence and guilt?
(B.)    Does petitioner need to demonstrate prejudice?
(C.)    Was the corpus delict proved in petitioner's case, to support his conviction?
(D.)    Should there be a higher quantum of proof in Petitioner's case?
(E.)    Is there overwhelming Prosecutorial Misconduct in petitioner case?
(F.)    Can the Constitution error, be said to be harmless error?
(G.)    Was trial counsel ineffective, and unprepared in Petitioner's case?
(H.)    Was the fingerprint analysis sufficient in this case?
(I.)    Was the State's conduct reasonable in petitioner's case?
(J.)    Was there a reasonable probability for the mere-present charge to the jury?
(K.)    If there was a remedy?

*Id.* at 23.

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

C.    Analysis of AEDPA Bar

1.    AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added).  Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court

from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[4]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a

---

[4] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of

establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2.    Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter.  The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[5]

Petitioner's conviction became final on Thursday, December 27, 2007, upon his failure to file a petition for rehearing. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). His federal time began to

---

[5] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

run thereafter. Petitioner filed his PCR application on April 7, 2008, after a lapse of 101 days, leaving 264 days of untolled time. The statute of limitations remained tolled until January 30, 2013, when the South Carolina Supreme Court unanimously dismissed certiorari as improvidently granted in Petitioner's PCR appeal. Petitioner had until October 21, 2013, to file his federal habeas petition, but waited until March 23, 2015— 781 days after the date of denial of certiorari. Because Petitioner filed outside the one-year statute of limitations, this action is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3.    Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 659 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

### a.    Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. Petitioner's tardiness in filing this petition does not suggest that he has diligently pursued his rights. Petitioner appears to seek habeas relief, inter alia, on the ground that his filing of a second PCR

action due to newly-discovered evidence entitles him to equitable tolling. He argues that the state's withholding of the evidence until March 11, 2014, constitutes "extraordinary circumstances beyond [his] control and prevented [him] from complying with statutory time limits, and prevented petitioner from adequately raising the issue in his original 1st PCR application." [ECF No. 36 at 2]. Although Petitioner claims that he "promptly filed his second PCR application" after receiving the evidence on March 11, 2014, the record reveals he waited over 5 months to file his second PCR application, on August 25, 2014.

Petitioner's filing of his successive PCR application did not toll the statute of limitations. *Pace*, 544 U.S. at 417 (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

The court rejects Petitioner's argument that "remedies are still available" to him [ECF No. 36 at 8], as Judge Kelly issued a final order dismissing Petitioner's second PCR application with prejudice on September 10, 2015, which order Petitioner attached to his response. [ECF No. 36-1 at 9–11]

Independently, the newly-discovered evidence Petitioner points to does not reveal a sufficient basis to warrant equitable tolling.  Exhibit 3 to Petitioner's response reveals a lab report that states:

> ON MARCH 17, 2005 AT 1334 HOURS DRUG CHEMIST RAMPEY-VAUGHN BROUGHT A PLASTIC BAG TO THE CRIME LAB TO BE PROCESSED FOR LATENT FINGERPRINTS. I PROCESSED THE BAG FOR LATENT FINGERPRINTS . THERE WERE NO SMUDGES SMEARS OR LATENT FINGERPRINTS LOCATED OR LIFTED. THE EVIDENCE WAS TURNED BAG OVER TO DRUG CHEMIST RAMPEY-VAUGHN AT 1341 HOURS.

[ECF No. 36-1 at 3].

Exhibit 4 to Petitioner's response reveals the following colloquy with the court:

Mr. Ray:    Your honor, I've been advised that there's a possibility there were fingerprints taken in the case. I believe the officer was checking on that. And I don't know if that's been determined yet.

Ms. Millican:    The officer, I mean, Your Honor, I spoke with the officer about the possibility of fingerprints. There was mention in the prelim notes that he was asked by a different defense attorney at that time whether fingerprints were taken. And his response at that time was that he was not aware of any fingerprints taken, if there were there were no results.

The Court:    Okay.

Ms. Millican:    I have nothing in my file or the officer's case file showing there were any forensic fingerprints taken on anything.

*Id.* at 4.

Exhibit 5 reflects the following paragraph from the PCR court's order of dismissal concluding Petitioner did not meet his burden of proving counsel failed to render reasonably effective assistance:

> Last, the failure to obtain a fingerprint analysis was cited as an error by the trial attorney, but the record below indicated that no fingerprints could be found on the

bag. Nevertheless, for this court to go beyond speculating as to the existence of fingerprints, the better approach would have been to have the fingerprint analysis performed as presented as part of the PCR case. . . .

*Id.* at 4.

As noted by Judge Kelly in his September 10, 2015, order of dismissal:

Applicant's claim for newly discovered evidence continues to be extremely vague, and fails to set forth with specificity what the newly discovered evidence actual is, how it would have affected the outcome if used at trial, or most importantly, why such evidence was not readily discoverable at the time of trial or his previous PCR action. As discussed in this Court's Conditional Order of Dismissal, Applicant continues to allege only that such evidence exists and was not provided to Applicant through the Brady motion. Before this Court can hold an evidentiary hearing, Applicant must make a prima facie showing that he is entitled to relief. *Welch v. MacDougall*, 246 S.C. 258, 143 S.E.2d 455 (1965); *Blandshaw v. State*, 245 S.C. 385, 140 S.E.2d 784 (1965). Applicant has made no such showing, and is therefore not entitled to an evidentiary hearing in the matter. IT IS THEREFORE ORDERED that, for the reasons set forth in the Court's Conditional Order of Dismissal, the Application for PCR is hereby denied and dismissed with prejudice.

*Id.* at 5.

The foregoing exhibits to Petitioner's response do not support his argument for equitable tolling. It is unclear what import Petitioner places on the lab report. The Lab report does not reveal the identification of any fingerprints. The solicitor stated that there were no fingerprint results. As before the PCR court, Petitioner does not demonstrate "what the newly discovered evidence actual is, how it would have affected the outcome if used at trial, or most importantly, why such evidence was not readily discoverable at the time of trial or his previous PCR action." *Id.* Not only has Petitioner not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling, he has failed to demonstrate an extraordinary circumstance.

              b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

The undersigned finds that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations. *Cullen v. Pinholster*, --- U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) ("review under § 2254(d) (1) is limited to the record before the state court that adjudicated the claim on its merits").

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 15] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 14, 2015                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).