UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Lovett Burkes, #272240,<br><br>                 Petitioner,<br>vs.<br><br>Warden Joseph McFadden,<br><br>                 Respondent. | Civil Action No.: 1:15-1332-BHH<br><br>**Opinion and Order** |

Petitioner, Christopher Lovett Burkes, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Hodges recommends that Respondent's Motion for Summary Judgment be granted, Petitioner's Motion for Summary Judgment be denied, and Petitioner's § 2254 petition be dismissed. (ECF No. 37.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On December 14, 2015, the Magistrate Judge issued a Report; and on January 7, 2016, Petitioner filed his Objections. (ECF No. 40.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The

1

Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that each of the grounds raised in the petition are procedurally barred and the Court agrees. The Magistrate Judge provided a detailed procedural history of Petitioner's actions for state post-conviction relief ("PCR") and subsequent § 2254 petition and correctly found that the petition was not timely filed

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

under 28 U.S.C. § 2244(d). (ECF No. 37 at 10–11.) As stated in the Report, Petitioner's conviction became final on December 27, 2007, upon his failure to file a petition for rehearing. (*Id.* at 10.) The one-year statute of limitations began to run on this date and was tolled from the filing of Petitioner's first PCR application on April 17, 2008,[2] until February 15, 2013,[3] when the South Carolina Supreme Court issued the remitter in Petitioner's first PCR appeal. (ECF No. 26-11 at 2.) Thus, after accounting for the statutory tolling period, Petitioner had until October 2013 to file his federal habeas petition. Petitioner did not file his § 2254 petition until March 23, 2015, and the Magistrate Judge therefore correctly found that the petition was untimely. The statute of limitations was not further tolled by Petitioner filing his second PCR application on August 25, 2014 because by that time the one-year limitations period had already expired. (ECF No. 26-14 at 1.) The Magistrate Judge then determined that Petitioner's untimely filing should not be excused by equitable tolling. (ECF No. 37 at 11.)

According the requisite liberal construction, the Court finds that one portion of Petitioner's filing raises a specific objection and thus invokes *de novo* review, which the Court has conducted. Petitioner objects that the Magistrate Judge erred in finding that Petitioner was not entitled to equitable tolling. The United States Supreme Court has

---

[2] Petitioner's PCR application indicates that it was filed on April 17, 2008. (ECF No. 26-1 at 192–196.) The Court finds that the Magistrate Judge's statement that Petitioner filed his first PCR action on April 7, 2008, to be at most a scrivener's error that did not affect her later analysis of the petition. *See Wilbanks v. Byars*, No. 4:11-cv-2675, 2012 WL 6186353, at *2 (D.S.C. Dec. 12, 2012) (adopting the R&R, "except for scrivener's errors" made by the Magistrate Judge, and denying the § 2254 petition).

[3] Out of an abundance of caution and in light of Petitioner's pro se status, the Court will use the date that the remitter was issued to calculate the statutory tolling period, rather than the dismissal date cited by the Magistrate Judge. *See Bradshaw v. McCall*, No. 0:12-cv-03624-DCN, 2014 WL 463142, at *7 n.3 (D.S.C. Feb. 4, 2014) (using the date the remittitur was issued "out of an abundance of caution" but recognizing "that case law may support the assertion that [ ] a state PCR action is no longer pending for purposes of § 2244(d)(2) once a state appellate court has denied relief"); *Atchison v. Warden of Broad River Corr. Inst.*, No. 9:10-2059-SB-BM, 2011 WL 2728469, at *3 n.7 (D.S.C. May 26, 2011) (using date remittitur was issued). However, regardless of whether the remittitur date or the dismissal date is used, the petition was still untimely filed.

recognized that the statute of limitations on petitions for federal habeas relief may be equitably tolled only if the petitioner shows, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "Extraordinary circumstances" have been applied in two distinct situations. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* (citing *Alvarez–Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). In addition, the Fourth Circuit has held that "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result ." *Id.*

Here, construing Petitioner's objections broadly, he appears to contend that the solicitor committed wrongful conduct by giving "perjured testimony" at his trial, and that he could not have discovered the falsity of the testimony before the statute of limitations expired. (ECF No. 40 at 8–9.) Generally, when the court has allowed the limitations period to be equitably tolled based on the wrongful conduct of the defendant, it has done so when there has been an intentional act by the defendant that prevented the plaintiff from discovering the claim or defense sooner through the exercise of reasonable diligence. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397

4

(1946) ("When a plaintiff remains in ignorance of the facts of his claim through defendants' fraudulent concealment of those facts, without any fault or lack of due diligence of plaintiffs' part, the limitations period is tolled until the discovery of defendant's fraud."); *accord Bogan v. South Carolina*, 204 Fed. App'x 160, 160–61 (4th Cir. 2006) ("[E]quitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition . . . .").

As summarized by the Magistrate Judge, Petitioner alleges that he received "new evidence" on March 11, 2014, in the form of a lab report indicating that a bag was processed for fingerprints in connection with his case. (ECF Nos. 37 at 12–13; 36-1 at 3.) The lab report dated March 17, 2005, states that "THERE WERE NO SMUDGES SMEARS OR LATENT FINGERPRINTS LOCATED OR LIFTED." (ECF No. 36-1 at 3.) Petitioner has provided a transcript from his trial in which the solicitor told the trial judge that he had spoken with the officer about the possibility of fingerprints and the officer "was not aware of any fingerprints taken, if there were there were no results." (*Id.* at 4.) The solicitor further stated that "he ha[d] nothing in [his] file or the officer's case file showing there were any forensic fingerprints taken on anything." (*Id.*) Petitioner alleges that the solicitor's statements constituted perjury, thereby denying Petitioner "his constitutional right to a fair trial." (ECF No. 40 at 8.)

Based on these facts, Petitioner has not alleged wrongful conduct sufficient to warrant equitable tolling. First, it does not appear that the solicitor made any material misrepresentations about the existence of fingerprints. The solicitor indicated that no fingerprints had been located, which the lab report confirms. Further, Petitioner has not

5

provided any evidence that he could not have discovered the 2005 lab report sooner through the exercise of reasonable diligence. Accordingly, the Court cannot find that it "would be unconscionable to enforce the limitation period against [Petitioner] and [that] gross injustice would result." *Harris*, 209 F.3d at 330. Petitioner's objection is therefore overruled.

Moreover, to the extent Petitioner alleges an "actual innocence" claim, Petitioner has not established that, "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (finding that a court can hear an actual innocence claim despite the expiration of the statute of limitations where the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt")).

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's remaining objections.

## **CONCLUSION**

After de novo review of the issue of equitable tolling, the Court finds that the Magistrate Judge correctly determined that equitable tolling was not warranted in this

case. After a thorough review of the remainder of the Report, the record, and the applicable law, the Court finds that Petitioner's remaining objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 25) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks

                                            United States District Judge

February 2, 2016
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.